40

~~STATE OF MICHIGAN~~
~~IN THE THIRD JUDICIAL CIRCUIT~~
~~FOR THE COUNTY OF WAYNE~~

SUSAN JOHNSON,

   Plaintiff(s),

Case: 2:20-cv-10210
Assigned To : Parker, Linda V.
Referral Judge: Hluchaniuk, Michael J.
Assign. Date : 1/27/2020
Description: CMP JOHNSON v. UNITED AIRLINES, INC. (SO)

v

UNITED AIR LINES, INC.,
a foreign corporation,

   Defendant(s).

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

/S/ SUSAN JOHNSON
SUSAN JOHNSON (In Pro Per)

| | |
|---|---|
| SUSAN JOHNSON<br>Plaintiff(s) - In Pro Per<br>42141 Hanover Drive<br>Belleville, Michigan 48111<br>Phone: (313) 515-2413 | |

## COMPLAINT

  NOW COME(S) the Plaintiff(s), SUSAN JOHNSON (In Pro Per), and for her Complaint,

state(s) as follows:

## PARTIES

  1. Susan Johnson, at all times relevant, is a resident of City of Belleville in the County

of Wayne, State of Michigan.

  2. United Air Lines, Inc. office being located at 233 South Wacker Drive - Willis Tower

- 23rd Floor - Chicago, Illinois 60606, who does business in the State of Michigan principally at the

Detroit Metropolitan Airport in the City of Romulus, Michigan.

## JURISDICTION

3.     Plaintiff(s) alleges unlawful discriminatory action based on race and age leading to her discharge from employment with Defendant(s).

4.     Defendant(s) actions were in violation of the Elliot Larsen Civil Rights Act - MCL 37.2101, et seq.; the Federal Civil Rights Act of 1964; 42 USC 200A, et seq; the Federal Reconstruction Civil Acts Act of 1866, 1870 and 1871; 42 USC 1210.1, et seq.; and, the Age Discrimination in Employment Act ("ADEA") as amended 29 USC § 621, et seq.

5.     Plaintiff(s) filed a complaint related to her employment and discharge, alleging age and race discrimination and retaliation with the Illinois Department of Human Rights and the Equal Opportunity Employment Commission (EEOC No. 440-2019-07920) on or about 10/10/19.

6.     A Right to Sue Letter was mailed on or about 10/28/19 and this suit may now be filed. (EXHIBIT 1 - attached).

7.     As a result of Defendant(s) illegal conduct, Plaintiff(s) has suffered loss of wages and benefits, humiliation, severe emotional distress, loss of enjoyment of life, and other significant injuries, damages and losses in excess of $25,000.00 dollars.

## STATEMENT OF FACTS

8.     Plaintiff(s) incorporates by reference paragraph 1 through 6.

9.     Plaintiff(s) is an African-American femele born on 4/11/58.

10.    Plaintiff(s) was hired as a Flight Attendant for United Air Lines, Inc. on 1/21/90.

11.    Plaintiff(s) was discharged from employment effective 11/15/17 for alleged "unauthorized possession of Company property and your failure to be truthful in an investigation." (EXHIBIT 2 - Termination Decision Dated 11/15/17 - attached).

12.     On or about 10/28/17, Plaintiff(s) was on duty as a Flight Attendant on a United Air Lines, Inc. flight from Frankfurt, Germany en route to Dallas International Airport, in Washington, D.C.

13.     During the flight, Plaintiff(s) was called to the cockpit whereby she received a message that a purse with her identification was found in the Frankfurt Airport.

14.     Upon arrival in Washington, D.C., Plaintiff(s) was met by Patricia Calderon (a company employee) who informed her that the purse was found at the Frankfurt Gate, subsequently searched by Company employees, wherein her identification (driver's license) was found along with certain items that the Company deemed were Company property.  (EXHIBIT 3 - Calderon Memo Dated 10/28/17 - attached).

15.     Plaintiff(s) was then informed that she was being placed on paid administrative leave while the Company was investigating the matter.

16.     A preliminary investigatory meeting was scheduled on 11/2/17.  (EXHIBIT 4 - Letter From United Air Lines, Inc. Dated 10/2/17 - attached).

17.     Plaintiff(s) as an employee of United Air Lines, Inc. was a member of the Association of Flight Attendants - CWA and bound by a collective bargaining agreement entered into with the Company which provides that employees may be discharged only for cause.

18.     Pursuant to the Collective Bargaining Agreement, there are various procedures for handling investigation(s) and grievance(s) – See Section(s) 23, 24 of the CBA).

19.     Following the Company's investigation wherein they met with Plaintiff(s) and her Union Representative, Cheryl Burns, on 11/2/17 and 11/8/17, Plaintiff(s) was issued her letter of termination (see EXHIBIT 2).

20.     Following Plaintiff(s) notice of termination (effective 11/15/17), pursuant to Section 23 of the CBA, Plaintiff(s) filed a Step 1 grievance with the Company seeking to return their decision. (EXHIBIT 5 - Cheryl Burns Memo Dated 10/17/17 - attached.)

21.     The Company issued a decision regarding the Step 1 grievance process on or about December 2017 and on 1/10/18, the AFA appealed this matter to Step 2 of the grievance process (EXHIBIT 6 - Ken Diaz Letter Dated 1/10/18 to United Air Lines, Inc. - attached).

22.     On 4/12/18, the Company issued their response to the Step 2 appeal denying Plaintiff(s) appeal. (EXHIBIT 7 - United Air Lines, Inc. Letter Dated 4/12/18 - attached).

23.     Pursuant to the CBA, Plaintiff(s) had a right to further appeal her termination to the United Air Lines, Inc. Flight Attendant - System Board of Adjustment and on 6/14/18, the union formally requested such an appeal (EXHIBIT 8 - AFA Letter Dated 6/14/18 - attached).

24.     In a letter dated 7/25/18, the union declined to proceed with or represent Plaintiff(s) on her appeal to the System Board of Adjustment (EXHIBIT 9 - AFA Letter Dated 6/25/18 - attached).

25.     In a letter dated 8/14/18, Plaintiff(s) informed the union that she wished to proceed in her appeal even without the union's representation (EXHIBIT 10 - Plaintiff(s) Letter to Union Dated 8/14/18 - attached).

26.     To date, Plaintiff(s) appeal to the Board of Adjustment has not been heard or a decision rendered and is currently set for hearing on 3/17/20.

27.     On 10/10/19, Plaintiff(s) filed a Charge of Discrimination with the Illinois Department of Human Rights and the EEOC while her appeal of termination was pending. (See EXHIBIT 1).

-4-

28.     On 10/28/19, the United States EEOC issued a Dismissal And Notice of Rights decision denying Plaintiff(s) charge of race and age discrimination and issued a Notice of Right to Sue alleging that Plaintiff(s) "charge was not timely filed with EEOC..." (See EXHIBIT 1).

29.     Plaintiff(s) denies that charge was untimely filed as pursuant to the CBA, a final resolution of the Company's action in terminating her employment has not been issued.

30.     Upon information and belief, Defendant(s) has engaged in a pattern and practice of dismissing older and longer tenured employees for even relatively minor offenses.

31.     Plaintiff(s) maintains that during the course of the investigatory meeting(s) between the Company and Plaintiff(s) union representative, she did make truthful statements regarding the items, alleged to be Company property, during those meeting(s).

32.     Plaintiff(s) also questioned why Company personnel searched her purse without the presence of a union representative or person designated by the Plaintiff(s).

33.     The Company in its initial report regarding the contents of the purse, listed the items alleged to be Company property:

> "On October 28, 2017 Company property was found in your purse when you left it at the FRA departure gate Z19 for Flight 927 FRA/SFO, where a 7474 celebration had been taking place prior to your departure of 933 FRA/IAD. The items found inclued: Two (2) minis of Bailey's Irish Cream, One (1) Cowshed Chamomile refreshing Toner, Three (3) Salad Dressings, 1(one) Stash Green Tea, 4 (four) Stash Lemon Ginger, 2 (two) Stash Black tea."

34.     The Company in its 11/15/17 Letter of Termination stated that:

> "When we inventoried the items in your purse that there were additional tea bags in addition to the seven tea bags found in the initial search in Frankfurt."

35.     At no time did the Company allow Plaintiff(s), or her representative designated by her, to be present at the time of the alleged searches.

36.     Plaintiff(s) maintains that at no time during the investigatory process did she give untruthful statements or materially change her statements with respect to the purse or its contents.

37.     Plaintiff(s) maintains that during the investigatory process, subjected to unwarranted assumptions and confusion regarding her answers to the Company's interrogation of Plaintiff(s) during the 10/2/17 and 10/8/17 meeting(s).

## COUNT I
## BREACH OF CONTRACT

38.     Plaintiff(s) incorporates by reference paragraphs 1 through 37.

39.     The parties have a contract of employment established under the Collective Bargaining Agreement entered into by the Company and Plaintiff(s) Union (AFA) whereby flight attendant(s) can only be discharged for cause.

40.     The Defendant(s) breached that contract when they terminated Plaintiff(s) employment without cause as stated herein and above.

41.     Plaintiff(s) was terminated from her employment for allegedly having items in her purse which the Company alleges was Company property.

42.     Plaintiff(s) maintains the items were not Company proper and that if they were in her possession or control, she obtained or held the items consistent with Company policy.

43.     Plaintiff(s) states that it is Company policy that when flight attendant(s) are transported to their departure sites (on Company or other airlines), they are considered passenger(s) and such items as alleged by the Company to be in her possession could be obtained on such flights and could be retained by its recipients; and, thus not Company property.

44.     Plaintiff(s) further maintains that she did not give "untruthful" or false statements to the Company during the investigatory process.

45.     Plaintiff has suffered damages as the direct and proximate result of the Defendant(s) breach of the implied employment contract including but not limited to lost wages, lost benefits, future anticipated earnings, future anticipated benefits, embarrassment, suffering, humiliation, and loss of reputation in her professional community.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s), SUSAN JOHNSON, prays unto this Honorable Court that a Judgment be entered in her favor and against Defendant(s), United Air Lines, Inc., in an amount sufficient to fully and fairly compensate Plaintiff(s), SUSAN JOHNSON, for the damages she suffered, together with any other relief this Court deems just and equitable.

### COUNT II
### VIOLATION OF THE VII
### AGE DISCRIMINATION AND ADEA

46.     Plaintiff(s) incorporates by reference paragraphs 1 through 45.

47.     Plaintiff(s) due to her age and seniority with the Defendant(s) is a member of a protected class. Plaintiff(s) was treated differently and negatively by the Defendant(s) in the terms and condition of employment.

48.     Plaintiff(s) property (i.e. purse) was subjected to unwarranted and unfair physical searches by Defendant(s) employees or administrators outside her purview – without her knowledge, consent or representative present.

-7-

49.     Plaintiff(s) was subjected to adverse employment actions, including being taken off scheduled flights or to obtain addiltional unscheduled flights, before any determination that she had engaged in any violation of Company policy or procedure.

50.     Plaintiff(s) was terminated for actions (i.e. possession of lawfully obtained personal items of property) which were not in violation of Company policy – policies which were not uniformly enforced and more rigorously enforced with respect to older and senior employees.

51.     Since the Defendant(s) agent(s) actions and retaliation against the Plaintiff(s) resulted in adverse employment action, including unfounded write-ups, unfavorable scheduling decisions and reduction in pay, as well as culminating in termination of employment, Defendant(s) is strictloy liable for their actions.

**COUNT III**
**VIOLATIONS OF ELLIOT/LARSEN**
**(AGE DISCRIMINATION**

52.     Plaintiff(s) incorporates by reference paragraphs 1 through 51.

53.     Due to her age and seniority, Plaintiff(s) was treated differently and negatively by Defendant(s) agent(s) in the terms and conditions of employment.

54.     Plaintiff(s) property (i.e. purse) was subjected to unwarranted and unfair physical searches by Defendant(s) employees or administrators outside her purview – without her knowledge, consent or representative present.

55.     Plaintiff(s) was subjected to adverse employment actions, including being taken off scheduled flights or to obtain any additional unscheduled flights, before any determination that she had engaged in any violation of Company policy or procedure.

56.     Plaintiff(s) was terminated for actions (i.e. possession of lawfully obtained personal items of property) which were not in violation of Company policy – policies which were not uniformly enforced and more rigorously enforced with respect to older and senior employees.

57.     Since the Defendant(s) agent(s) actions and retaliation against the Plaintiff(s) resulted in adverse employment action, including unfounded write-ups, unfavorable scheduling decisions and reduction in pay, as well as culminating in termination of employment, Defendant(s) is strictloy liable for their actions.

## COUNT IV
## VIOLATIONS OF TITLE VII
## (RACIAL DISCRIMINATION)

58.     Plaintiff(s) incorporates by reference paragraph(s) 1 through 57.

59.     Plaintiff(s) is a woman of African-American descent and was treated differently and negatively by Defendant(s) agent(s) in the terms and conditions of her employment based upon her race.

60.     Plaintiff(s) property (i.e. purse) was subjected to unwarranted and unfair physical searches by Defendant(s) employees or administrators outside her purview – without her knowledge, consent or representative present.

61.     Plaintiff(s) was subjected to adverse employment actions, including being taken off scheduled flights or to obtain additional unscheduled flights, before any determination that she had engaged in any violation of Company policy or procedure.

62.     Plaintiff(s) was terminated for actions (i.e. possession of lawfully obtained personal items of property) which were not in violation of Company policy – policies which were not uniformly enforced and more rigorously enforced with respect to older and senior employees.

63.    Since the Defendant(s) agent(s) actions and retaliation against the Plaintiff(s) resulted in adverse employment action, including unfounded write-ups, unfavorable scheduling decisions and reduction in pay, as well as culminated termination, Defendant(s) is strictloy liable for their actions.

## COUNT V
## VIOLATION OF ELLIOT/LARSEN
## (CIVIL RIGHTS AGE/RACIAL DISCRIMINATION)

64.    Plaintiff(s) incorporates by reference paragraph(s) 1 through 64.

65.    Plaintiff(s) property (i.e. purse) was subjected to unwarranted and unfair physical searches by Defendant(s) employees or administrators outside her purview – without her knowledge, consent or representative present.

66.    Plaintiff(s) was subjected to adverse employment actions, including being taken off scheduled flights or to obtain additional unscheduled flights, before any determination that she had engaged in any violation of Company policy or procedure.

67.    Plaintiff(s) was terminated for actions (i.e. possession of lawfully obtained personal items of property) which were not in violation of Company policy - policies which were not uniformly enforced and more rigorously enforced with respect to older and senior employees.

68.    Since the Defendant(s) agent(s) actions and retaliation against the Plaintiff(s) resulted in adverse employment action, including unfounded write-ups, unfavorable scheduling decisions and reduction in pay, as well as culminating in termination of employment, Defendant(s) is strictloy liable for their actions.

## DAMAGES

69.    Defendant(s) above actions and omissions, negligence and intentional conduct as outlined above (paragraphs 1 through 68) proximately caused damages to Plaintiff(s) as follows:

a)    loss of her job, wages, benefits and income, past present, and into the future;
b)    mental and emotional suffering, past, present and future;
c)    embarrassment and humiliation, past, present and future;
d)    consequential damages, past, present and future;
e)    attorney fee(s) and all allowable litigation costs;
f)    all damages provided for under federal and state law; as well as
g)    wrongful discharge; and
h)    damage to her relationship with her colleagues or fellow employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s), SUSAN JOHNSON, respectfully requests unto this Honorable

Court damages in excess of TWENTY-FIVE THOUSAND AND NO/DOLLARS ($25,000.00) plus

costs, interests and such other relief as the Court deems just and equitable.

Respectfully submitted,

*Susan G. Johnson*

SUSAN JOHNSON
Plaintiff(s) - In Pro Per

Dated: _01/27/2020_    42141 HANOVER DRIVE
BELLEVILLE, MI 4811.2390

-11-

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT
FOR THE COUNTY OF WAYNE

SUSAN JOHNSON,

     Plaintiff(s),

                              Case No.                       CK
                              HON.

v

                              There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

UNITED AIR LINES,
a foreign corporation,
                              /S/ SUSAN JOHNSON
                                SUSAN JOHNSON (In Pro Per)

     Defendant(s).

| | |
|---|---|
| SUSAN JOHNSON<br>Plaintiff(s) - In Pro Per<br>42141 Hanover Drive<br>Belleville, Michigan 48111<br>Phone: (313) 515-2413 | |

## JURY DEMAND

     NOW COME(S) the Plaintiff(s), SUSAN JOHNSON (In Pro Per), and hereby makes demand

for  trial by jury of all issues triable by Jury as a matter of right.

                        Respectfully submitted,

                        *Susan G. Johnson*
                        SUSAN JOHNSON
                        Plaintiff(s) - In Pro Per

Dated: 01/27/2020         42141 HANOVER DRIVE
                         BELLEVILLE, MI  48111-2390

# EXHIBIT 1

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Susan Johnson<br>42141 Hanover Drive<br>Belleville, MI 48111 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-07920 | Brandi Kraft,<br>Investigator | (312) 872-9662 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman,
District Director

10/3 3/19
(Date Mailed)

Enclosures(s)

cc:   Megan Detzner
Senior Staff Representative
UNITED AIRLINES
233 Wacker Drive, 11th Floor
Chicago, IL 60606

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 440-2019-07920 |
| Illinois Department Of Human Rights | | and EEOC |
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Susan Johnson | (734) 699-9292 | 1958 |

Street Address                                     City, State and ZIP Code

42141 Hanover Drive, Belleville, MI 48111

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNITED AIRLINES | 500 or More | (872) 825-7608 |

Street Address                                     City, State and ZIP Code

233 Wacker Drive, 11th Floor,  Chicago, IL 60606

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                     City, State and ZIP Code

_Termination_

DISCRIMINATION BASED ON (Check appropriate box(es).)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest ⟵                          ⟶ Latest

11-08-2017

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about January 21, 1990. My most recent position was Flight Attendant. During my employment, I was falsely accused of stealing. Respondent did not adhere to policies and procedures. I was suspended and discharged, _without irrefutable proof_

I believe I have been discriminated against because of my race, Black, in violation of Title VII of Civil Rights Act of 1964, as amended. I believe I have been discriminated against because of my age, 61 (Year of Birth: 1958), in violation of the Age Discrimination in Employment Act of 1967, as amended.

_What about the other statute to file a racial discrimination CASE How do I file under the 1866 Civil Rights Act? or 1804_

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT [ ] 2 0 2019 |
| x 10/10/2019   x _Susan M Johnson_<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT 2

UNITED ▨

November 15, 2017                                    VIA USPS                    **SUBMISSION EXHIBIT NO. 1**

Susan Johnson
42141 Hanover Drive
Van Buren TWP, MI 48111

Termination Decision
DCA 08-17

Dear Ms. Johnson:

On November 2, 2017 you were issued a Letter of Investigation and an initial investigatory meeting was conducted. You were present at the meeting and represented by AFA Council 21 Representative Cheryl Burns. Supervisor Patricia Calderon conducted the meeting and Supervisor Frank Hester was present to take notes. A second meeting was held on November 8, 2017, and AFA Representative Cheryl Burns was present and Mr. Hester was again present as note taker. The issue being investigated was:

On October 28, 2017 Company property was found in your purse when you left it at the Frankfurt gate Z19 for flight 927 FRA/SFO, where a 747 celebration had been taking place prior to your departure on flight 933 FRA/IAD. The items found included: Two (2) minis of Baileys Irish Cream, One (1) Cowshed Chamomile Refreshing Toner, Three (3) Salad Dressings, 1 (one) Stash Green Tea, 4 (four) Stash Lemon Ginger, 2 (two) Stash Black tea.

As a result of the investigation and after consideration of the information gathered, my conclusions are as follows: Your purse was found in Frankfurt at gate Z19 by General Manager Airport Operations Michaela Selinger – Roudabush after the festivities at gate Z19 where the 747 farewell celebration took place. Ms. Selinger – Roudabush asked Frankfurt Inflight Sr. Manager June Jasin Reuter and Inflight Supervisor Rosita Abdul Rahman if the purse belonged to one of them because Airport Operations staff do not normally take bags into the transfer area; each stated the purse was not hers. General Manager Selinger-Roundabush proceeded to open the purse and look into the wallet and the Driver's license and other items identified the purse as belonging to you.

San Francisco Supervisor Beau Brinker was also present in the gate room. After searching the names of the crew members on the FRA/SFO flight, he discovered that you were working Flight 933 FRA/IAD which had departed from gate Z20. The purse was searched the in the presence of three management employees, Sr. Manger Jasin -Reuter, SFO Inflight Supervisor Brinker and FRA Inflight Supervisor Abdul Rahman. While searching the purse they found Company property and took pictures of the items described above. The purse was brought to the FRA base and kept locked in a closet in Sr. Manager Jasin-Reuter's office. Photos of United property items found in your purse were taken and sent to me by Ms. Jasin-Reuter. An ACARS message was sent to your flight to advise you that your purse had been found.

On October 28, 2017, I met your inbound Flight 933 from FRA to IAD, and informed you that your purse was found. You advised me that you didn't miss it since you had your passport and LINK. You showed me the ACARs message you received. I advised you that your purse was being sent to IAD and your supervisor would be contacting you. Since your supervisor was out of the office, I contacted you on October 31, 2017 to set up a meeting for November 1, 2017. I suggested you contact your Union and have representation for the meeting; you responded by saying that you would be contacting Todd Failla, at AFA. After a few minutes, Todd Failla, President of the AFA Council 21 contacted me, and advised me that no one from AFA would be available on Wednesday, November 1 for a meeting and requested to

UNITED

reschedule the meeting. He stated his understanding that the matter concerned a "stolen purse" and Company property being found in the purse. The meeting was postponed for November 2, 2017.

During our meeting on November 2, 2017 you did not claim your purse had been stolen. You stated verbally that you took the Company property from United aircraft while working, commuting, deadheading, and/or pass riding on and off line. Furthermore, you did not deny that you had placed these items into your purse. You stated you did not recall when you consumed one of the Baileys minis – one full and one empty bottle was found in your purse – and that you commute on DL and AA. In your report, you wrote you obtained the Baileys while pass traveling. We went over the items in detail and with every item I asked you if you took the items from United's aircraft and placed them in your purse and you answered "yes" to each question. Your written description of these items was "Cowshed toner – one almost full bottle – bathroom two plastic cowshed containers with multiple teabags salad dressings -3 from crew tray flights IAD/FRA/IAD."

I then received an email from you the next day, Friday, November the 3, 2017, stating you felt "pressured" and "forced" to say the items found were the property of United Airlines. You stated a mistake had been made and you used bad judgment. I scheduled a meeting for Tuesday, November 8, 2017 to discuss the matter further.

In an effort to give you another opportunity to tell the truth, we met again on November 8 and reviewed every item of Company property that was found in your purse. This time you denied taking items from the IAD/FRA flight, or any flight where you were working, and stated all the items came from fights on which you traveled in the past while deadheading. I read back my notes and your statement from the first meeting, and you kept changing your story.

When asked about one empty mini of Baileys Irish Crème in your purse and one full one, you stated you could not recall the flight or date that you obtained the minis or consumed the contents of the now empty Baileys bottle. You stated that you like to have Baileys in your coffee and you had the empty bottle in your purse because you were "waiting for the rubbish to get collected." You were asked for a receipt for the Baileys and you said you didn't have one.  You had just had a 29:07 hours layover in FRA. It is curious why you would carry an empty mini of Bailey's in your purse when you could have thrown it away on your layover.

When I asked you about Cowshed bathroom size toner bottle, you stated don't recall the flight number, or date where you got it from. I read back my notes and your previous statement and then you changed your story. You stated that you think it may be from last flight you worked IAD/FRA.

When I asked you about the three salad dressings, you initially stated you received them on the IAD/FRA/IAD trip in question that began on October 26, 2017. The second time we met you stated you received them while deadheading on flights from LHR to IAD on crew trays. You were not able to remember dates or flight numbers, you stated that somewhere between May and October you were deadheading LHR/IAD and received the salad dressings on crew trays. You had no explanation why you would have salad dressing in your purse which you claimed to have received on a crew meal up to five months ago. When asked where you were seated on these deadhead flight you stated you were seated in First Class. When asked how did you obtained sealed bottles of salad dressing, you responded that you took them from the cart.

When we re-inventoried the items in your purse we noted that there were additional tea bags in addition to the seven tea bags found in the initial search in FRA. You claimed that the 18 total tea bags found in your purse were also received on deadhead flights. I asked you who gave them to you and the flight numbers and dates, and you said you didn't recall. I read you your earlier statement and my notes from the

UNITED

meeting where you indicated that some of those teas may have been from IAD/FRA flight 932 flight that you worked. You now asserted that none of these tea bags came from the IAD/FRA flight you worked.

Susan, the following items were found in your purse while you were on layover in FRA: Two minis of Baileys Irish Cream: 1 full mini and 1 empty; 1 bottle of Cowshed Chamomile Refreshing Toner bathroom Size 4.06oz; 3 salad dressings; 4 Stash Green Tea; 4 Stash Lemon Tea; 3 Stash Chamomile tea and 7 Stash Chai Spice Black teas, for a total of 24 items. You have no receipts for the Baileys, you don't know when you consumed the Baileys, you can't provide a plausible reason for carrying an empty Baileys mini in your purse. You can't remember a single date or flight for any of these items that you allegedly obtained on previous deadhead flights or as a pass rider. You have not been able to explain why 24 items of Company property were all in your purse on October 28, 2017 after working a flight to FRA. Your changing stories as to how and when these items were obtained are not credible. Nor is it believable that you have been carrying these items around in your purse possibly since May.

Your actions were inconsistent with the Working Together Guidelines (WTG) in the areas of: Honesty with respect to being truthful in all communications, where oral, written or electronic and protecting the Company's resources against theft, damage or misuse and refraining from inappropriate use or possession of Company property. In the area of Professionalism your actions did not reflect favorably upon the Company, yourself and your peers. In the area of Responsibility, you failed to use good judgement and open communication in all decisions.

I now turn to the appropriate penalty for your conduct. At the time of this incident you had almost 28 years of service with the Company. Your current level of discipline is Attendance Warning Level 3 with 18 points. Your years of service do not mitigate your unauthorized possession of Company property and your failure to be truthful in an investigation. Therefore, based on a review of your record and the seriousness of the offense, it is my decision to terminate your employment with United Airlines effective with the date of this letter.

Since you are no longer entitled to any employee travel benefits, you are directed to return the following Company property to me upon receipt of this letter; Company badge/TSA crew badge, Known Crew Member Card, parking permits, flashlight, Link device; Apple 6+ phone, sales sled battery pack and black charging cable, all USB charging cables (white/black), auxiliary battery pack with cord in black mesh bag, dual charger plug (blue) and single charger plug (white), international power adapter (black), United blue protective cover and phone storage case issued to you by the Company.

In addition, please be advised under the "Working Together Guidelines" Pass Travel Privileges, former employees who were under disciplinary investigation at the time of their termination of employment or who were involuntarily terminated from employment are not eligible for any form of pass travel, including travel as the spouse, partner, travel companion, child, parent or buddy pass rider of an employee or retiree.

In the event that you are dissatisfied with this decision as rendered, a Step One appeal in accordance with Section 23.A.9 of the Agreement may be made within thirty (30) days to Reuben Sande, Base Director, DCASW.

UNITED

Sincerely,

Patricia Calderon
DCASW

CC:  PE File 119207
WHQSW- Michielle Sego-Johnson (via email)
WHQSW -- Jennifer Thompson (via email)
WHQLR -- Liz Cavanagh (via email)
AFA-MEC —  Ken Diaz via USPS
AFA-MEC — Maria Torre via USPS
AFA-LECP – Todd Failla via AFA Mailbox
AFA – LEC Cheryl Burns via AFA Mailbox
AFA-MEC Legal via USPS
FA.processing@united.com

# EXHIBIT 3

Calderon, Patricia

| From: | Calderon, Patricia |
|---|---|
| Sent: | Saturday, October 28, 2017 8:53 PM |
| To: | Hovanesian, Maria; Bernard, Raymond |
| Cc: | Sande, Reuben; Robinson Palmer, Denise |
| Subject: | RE: FA Susan Johnson#119207 |

Hi Raymond,

I meet your FA Susan Johnson today upon arrival.

- We greet each other and Susan told me are you here for the ACARS?
- I replied yes, I am here to let you know that they have found your bag.
- FA Susan told me can you believed I didn't even miss my purse until I received the ACARS (she show me the actual ACARS) I don't keep my passport and my keys on my purse, I keep that on me.
- FA Susan then stated that she will need to contact the person who sing the ACRARS and point at the name, to arrange the delivery.
- I told her they will be sending her purse here to IADSW.
- She mention trading her trip on Sunday.
- I told Susan, that at this moment we have some information that has come to our attention and that she was removed from her trip on Sunday with pay.
- Explained to her that if she has any trades on the board she needs to removed them, and not to alter her LOF until further notice.
- FA was advised that she is in tittle to have Union Representation.
- I told Susan that you were going to contact her on the 31st to set up a meeting possibly for the 01st of NOV.

That was all our interaction, FA Susan only stated ok, ok, ok, after I told her that she was removed from her flight no further communication.

Regards,

Patricia Calderon
Supervisor | Inflight Service | United Airlines
Washington Dulles International Airport
IADSW 703 661 8573  patricia.calderon@united.com

# EXHIBIT 4

UNITED

November 02, 2017

Via Hand Delivery

Susan Johnson
42141 Hanover Drive
Van Buren Twp. MI 48111

Letter of Investigation for Performance
DCA-01-17

Dear Susan:

In accordance with the provisions of Section 23.A.2 of the 2016 Flight Attendant Agreement, a meeting will be conducted on November 2, 2017 at 10:30 in the IAD Inflight conference room.

The purpose of the meeting will be to investigate the following:

On October 28, 2017 Company property was found in your purse when you left it at the FRA departure gate Z19 for Flight 927 FRA/SFO, where a 747 celebration had been taking place prior to your departure of 933 FRA/IAD. The items found included: Two (2) minis of Baileys Irish Cream, One (1) Cowshed Chamomile Refreshing Toner, Three (3) Salad Dressings, 1 (one) Stash Green Tea, 4 (four) Stash Lemon Ginger, 2 (two) Stash Black Tea.

You have the right to have a union representative present or other employee present during the meeting. You have the right to respond and present information relative to the investigation.

Sincerely,

Patricia Calderon
Supervisor Inflight Service — DCASW
(703) 661-8578

cc:     Personnel file U119207
        Reuben Sande – Base Director
        Denise Robinson – Base Manager
        AFA, Todd Failla LEC President
        AFA, Cheryl Burns LEC Grievance Chairperson
        FA.Processing@united.com

# EXHIBIT 5

**Cheryl Burns**

| | |
|---|---|
| **From:** | Cheryl Burns <cburns@unitedafa.org> |
| **Sent:** | Friday, November 17, 2017 2:30 PM |
| **To:** | Reuben Sande ; HROPS ; GRIEVANCE@UNITEDAFA.ORG; Celeste Peterson |
| **Cc:** | Cheryl Burns; Todd Failla |
| **Subject:** | DCA 8-2017 Discharge Appeal Susan Johnson 119207 |
| **Attachments:** | DCA 8-2017 Discharge Appeal.docx |

Hi Reuben,

Please find the attached Discharge Appeal requesting a Step 1 hearing for Susan Johnson FN/119207.

Respectfully,
**Cheryl A. Burns**
Grievance Chairperson
AFA-CWA Council 21, DCA
703-661-8670 *Office DG 190B*
703-572-7889 *Fax*
502-552-0121 Cell/TXT

Confidentiality Note:
This e-mail and any attachments are confidential and may be protected by legal privilege. Be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this email in error, please notify me immediately by returning it and deleting this copy from your system. Thank you for your cooperation.



# Discharge – Appeal

Appeal Date: **November 17, 2017**

Case # **DCA 8-2017**

Date of Verbal Notification: **November 8, 2017**

Termination Letter Date: **November 15, 2017**

Name: **Susan Johnson**

Employee #: **119207**

Base: **DCASW Council 21**

Description: Terminated without just cause. In accordance with Section 23.C.1 Step 1, I am requesting a hearing on the above-referenced decision.

Submitted By:     Cheryl Burns, Council 21 Grievance Chairperson

Cc:     Reuben.Sande@united.com
FA.processing@united.com
LEC President  – tfailla@unitedafa.org
LEC Grievance Chairperson – cburns@unitedafa.org
Grievance@unitedafa.org
cpafa@unitedafa.org
Susan Johnson FN/119207 via email

# EXHIBIT 6

 **Association of Flight Attendants – CWA, AFL-CIO**

_6250 N. River Road, Suite 4020, Rosemont, IL 60018_

PHONE 847-292-7170 FAX 847-292-7180

January 10, 2018

<u>VIA E-MAIL</u>
Sam.risoli@united.com

Mr. Sam Risoli
Senior Vice President
Inflight Services – WHQSW
United Airlines
Chicago, IL 60606-6462

RE:  DCA 8-17 (Susan Johnson FN 119207)

Dear Mr. Risoli:

Pursuant to Section 23.C. of the 2016-2021 Agreement between United Airlines and the Association of Flight Attendants-CWA, the Association appeals the above-referenced grievance to Step 2.

The Master Executive Council will contact you to schedule a mutually agreeable date in accordance with Section 23.C.1 Step 2 of the Agreement.

Sincerely,

Ken Diaz, President
United Master Executive Council

Attach: Step 1 Decision

cc: Maria I. Torre – UALMEC Grievance Chairperson - mitorre@unitedafa.org
     AFA Legal – cpafa@unitedafa.org
     Todd Failla - LECP C 21 – tfailla@unitedafa.org

# EXHIBIT 7

**UNITED**

April 12, 2018

Moe Kerrigan
Association of Flight Attendants – CWA
6250 N. River Road #4020
Rosemont, IL 60018

RE:    Susan Johnson; Case: DCA 8-17

Dear Moe:

This letter shall constitute as my Step Two response to your request for review of
Susan Johnson above referenced grievance. You and I met on Thursday, May 17, 2018,
to conduct the Step Two hearing.

The grievance contends pursuant to Section 23.C. of the 2016-2021 Agreement between
United Airlines and the Association of Flight Attendants-CWA, the association appeals
the above referenced grievance.

Mr. Sande's First Level decision letter states the facts of this case. All requested material
were provided to the Union. Additionally the Union filed grievance DCA 8-17 (IAD)
regarding the termination. This topic was reviewed with the AFA in the 2nd Step and is
denied.

Based on the information provided by the Union, I find no reason to reverse Mr. Sande
First Level decision.  Therefore, this grievance is denied.

Sincerely,

Dean Whittaker
Managing Director
Regional Inflight Field Operations

cc:    Dean Whittaker
       Reuben Sande
       Michielle Sego-
       Johnson
       Daphne Thompson

# EXHIBIT 8



**ASSOCIATION OF FLIGHT ATTENDANTS**-CWA, AFL-CIO
*6250 N. River Road, Suite 4020, Rosemont, IL 60018*

PHONE 847•292•7170   FAX: 847•292•7180   website: www.unitedafa.org

June 14, 2018

Ms. Elizabeth Cavanagh, Chairperson
United Airlines Flight Attendant
    System Board of Adjustment
233 South Wacker, 25TH Floor
Chicago, IL 60606

Re: AFA Case   064-21-1-032-18  –  DCA 8-17 –  Susan Johnson

Dear Ms. Cavanagh:

In the Agreement between United Airlines and the flight attendants in its service, as represented by the Association of Flight Attendants, covering the establishment and maintenance of a System Board of Adjustment, effective August 30, 2016, as amended, there appears the following paragraph:

> "The Board shall consider any dispute properly submitted to it by any employee covered by this Agreement, by the President of the Union, or by the Senior Vice President Inflight of the Company when such dispute has not been previously settled in accordance with the terms provided for in this Agreement, provided that the dispute is filed with the Board within thirty (30) days after the procedure provided in Section 23 of this Agreement has been exhausted.   If a dispute is not filed within such time, the action of the Company or Union shall become final and binding."

Herewith is submitted for consideration and decision by the above-described Board the grievance of Susan Johnson.

1.    Question at Issue

Whether the Company's letter terminating the grievant on November 15, 2017 was without just cause.

2.    Statement of Facts

The grievant was furnished with the Company's Letter dated November 15, 2017.   A Step 1 grievance was filed, and subsequently a hearing conducted on December 7, 2017, by Reuben Sande, Director, Inflight Services-IAD. The Company denied the grievance.   The grievance was appealed to Step 2, and a hearing was conducted on May 17, 2018 by Dean Whittaker, Managing Director Regional Inflight Field Operations.   On April 12, 2018 the Company denied the grievance.

In accordance with Section 23.C.2. of the Agreement, this matter is being submitted to the System Board of Adjustment for final hearing and determination.

**INFLIGHT SAFETY PROFESSIONALS**

 INTERNATIONAL TRANSPORT WORKERS FEDERATION 

- 2 -

3.    Position of the Union

It is the position of the grieving flight attendant that the Company was not justified in the action taken.

WHEREFORE, the grieving flight attendant asks the decision of the Board:

1.    That the Company was not justified in the action taken.

2.    That the Company is in violation of the contract.

3.    That the grievant be restored to duty with no loss of seniority and that all papers pertaining hereto be removed from her file.

4.    That the grievant be reimbursed for any monetary losses sustained due to the wrongful action on the part of the Company.

5.    That the grievant have such other, further or different relief as this Board may deem just and proper.

4.    Position of the Company

It is presumed that the position of the Company is as set forth in its decision attached hereto as Submission Exhibit No. 1.   If such is not the position of the Company, or if the Company desires to amend or supplement its position, it is requested to do so in writing within ten days after receipt of a copy of this Letter of Submission.

It is respectfully requested that this case be heard by the Board at its next regular or special session.

Sincerely,

Sara Nelson
International President

SN/cp

cc:   Eric E. Mennel

(VIA E-MAIL)

# EXHIBIT 9



**ASSOCIATION OF FLIGHT ATTENDANTS**-CWA,AFL-CIO
*6250 N. River Road, Suite 4020, Rosemont, IL 60018*

PHONE 847•292•7170   FAX: 847•292•7180   website: www.unitedafa.org

July 25, 2018

<u>VIA US CERTIFIED MAIL</u>

Ms. Susan Johnson
42141 Hanover Drive
Van Buren Twp, MI 48111

Re:  DCA 8-17

Dear Ms. Johnson,

The MEC Grievance Screening Committee met today to consider your grievance contesting your termination as a Flight Attendant from United Airlines.  After careful review of the merits of your grievance, it was the unanimous decision of that Committee that the Association of Flight Attendants will not schedule your grievance to be heard by the System Board of Adjustment.

If you wish to proceed to the System Board of Adjustment on your own, that forum will be made available to you, but please be advised that you will be solely responsible for the full cost of your legal representation.  You will also be responsible for 50% of the fees charged by the arbitrator and the court reporter as well as 50% of the arbitrator's travel and lodging expenses.  Finally, you are also responsible for the costs and expenses of any witnesses you choose to have testify on your behalf, if any, as well as your own travel and lodging expenses.

As an alternative, it may be possible to settle your grievance by having your termination for cause converted into a retirement. If you are interested in exploring this option, please let me know.

If I do not get a **written** response from you within thirty (30) days from the date on this letter, I will assume that you have decided not to pursue your grievance on your own before the System Board of Adjustment, and the Association of Flight Attendants will withdraw your grievance that is currently pending before the System Board of Adjustment.

If you have any questions, you may contact me or Eric Wright, AFA Sr. Staff Attorney, at the address and phone number listed above.

Sincerely,

Maria J. Torre
UAL MEC Grievance Chair

Cc:  Ken Diaz, MEC President
     Ed Gilmartin, AFA General Counsel
     Eric J. Wright, AFA Sr. Staff Attorney

Certified Mail (9171 9690 0935 0116 7240 64)

**INFLIGHT SAFETY PROFESSIONALS**

ITF    INTERNATIONAL TRANSPORT WORKERS FEDERATION

 

# EXHIBIT 10

**Susan G. Johnson**
42141 Hanover Drive
Belleville, MI 48111-2390
(313) 515-2413 Mbl/Txt
(734) 699-9292 Off/Fax
Email: itssue2@comcast.net

AUG **16** 2018

August 14, 2018

VIA US CERTIFIED MAIL

Maria Torre
UAL MEC Grievance Chair
Association of Flight Attendants
6250 N. River Road
Suite 4020
Rosemont, IL 60018

Re: DCA 8-17

Dear Ms. Torre,

I would like to proceed to the System Board of Adjustment on my own.

This will serve as my written response.  Please let me know what all I need to do to proceed.
Should you have any questions, you may contact me at the above address and phone number listed above.


Sincerely,

*Susan G. Johnson*

Susan G. Johnson

Cc:  Ken Diaz
     Ed Gilmartin, AFA General Counsel
     Eric J. Wright, AFA Sr. Staff Attorney

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Assigned To : Parker, Linda V.
Referral Judge: Hluchaniuk, Michael J.
Assign. Date : 1/27/2020
Description: CMP JOHNSON v. UNITED AIRLINES, INC (SO)

## I. (a) PLAINTIFFS

Susan G. Johnson

## DEFENDANTS

United Airlines, Inc.

**(b)** County of Residence of First Listed Plaintiff  WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
42141 Hanover Drive
Belleville, MI 48111-2390

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  01/27/2020

SIGNATURE OF ATTORNEY OF RECORD   Susan G. Johnson

### FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?                ☐ Yes
                                                                           ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously      ☐ Yes
        discontinued or dismissed companion cases in this or any other    ☒ No
        court, including state court? (Companion cases are matters in which
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :