UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN JOHNSON,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

_____/

Civil Action No. 20-10210
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 15]**

**I.**    **INTRODUCTION**

Plaintiff Susan Johnson, proceeding *pro se*, alleges that United Airlines, Inc. breached the collective bargaining agreement (CBA) and wrongfully terminated her because of her age and race. [ECF No. 6]. The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 17]. Before the Court is United's motion to dismiss Johnson's first amended complaint. [ECF No. 15].

For the reasons below, the Court recommends that United's motion to dismiss be granted.

## II.     BACKGROUND

Johnson, a Black woman, was a flight attendant for United from January 1990 to November 2017. [ECF No. 6, PageID.48-49]. In October 2017, Johnson traveled from Frankfurt, Germany to Washington D.C. [ECF No. 6, PageID.49; ECF No. 1, PageID.17, 24]. When she arrived in Washington D.C., Johnson learned that her purse had been found in the Frankfurt Airport and then searched by fellow United employees. [ECF No. 6, PageID.49; ECF No. 1, PageID.17]. The employees found "company property" in Johnson's purse, including miniature bottles of Baileys Irish Cream, skin toner, salad dressing, and 18 tea bags. [ECF No. 6, PageID.49, 51; ECF No. 1, PageID.17-24]. United placed her on paid administrative leave pending an investigation. [ECF No. 6, PageID.49].

United found that Johnson gave "changing stories" about how and when she obtained the items and that she was "not credible." [ECF No. 1, PageID.19]. It said that Johnson violated company policies about honesty, professionalism, and responsibility. [*Id.*]. And although Johnson had worked for United for almost 28 years, United terminated her because of her alleged dishonesty, her status on "Attendance Warning Level 3," and the seriousness of the offense. [*Id.*]. When Johnson was terminated in

November 2017, she was 59 years old.  [ECF No. 6, PageID.48, 50; ECF No. 1, PageID.19].

Johnson grieved and appealed her termination under the CBA, first with union representation and then on her own.  [ECF No. 6, PageID.50; ECF No. 1, PageID.25-38].[1]  In October 2019, while her union appeal was pending, Johnson filed a charge with the Equal Employment Opportunity Commission (EEOC) in Illinois alleging race and age discrimination.  [ECF No. 1, PageID.14-15].  Days later, the EEOC closed her charge because it was untimely.  [*Id.*].

In her amended complaint, Johnson alleges that United breached the CBA, and engaged in age and race discrimination under federal and Michigan law.  [ECF No. 6].  In their motion to dismiss, United argues that Johnson's federal discrimination claims are time barred, that the Railway Labor Act (RLA) preempts her claims, and that Johnson fails to state claims of age or race discrimination.

---

[1] Johnson included her exhibits with her initial complaint.  [*See* ECF No. 1, PageID.13-38].  She references those exhibits in her amended complaint, so the Court will consider them for the motion to dismiss.

3

## III. ANALYSIS

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings.

4

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n. 4 (6th Cir. 2007)

When assessing the sufficiency of a complaint, the Court may consider "documents attached to the pleadings" as they "become part of the pleadings." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Documents attached to a motion to dismiss also form part of the pleadings if they were referred to in a complaint and are central to the claim. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### B.

The Court will first address United's argument that Johnson's response should be stricken as untimely. [ECF No. 20, PageID.140-141]. Johnson was ordered to respond by May 29, 2020, but she did not file her response until June 26, 2020. [ECF No. 16; ECF No. 19].

The Court prefers to address a dispositive motion on the merits.  *Cf. Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (noting preference for deciding cases on the merits rather than entering default judgments).  And, even without Johnson's response, the Court would need to exercise caution to ensure that United has met its burden of showing that dismissal is warranted.  *Coley v. State of Ohio Dep't of Rehab.*, No. 2:16-CV-258, 2016 WL 5122559, at *1 (S.D. Ohio Sept. 21, 2016).

With those consideration in mind, the Court will not strike Johnson's response, but she is warned that future failures to abide by Court orders may lead to sanctions.

## C.

The Court now turns to the merits of United's motion to dismiss.  Count II of Johnson's amended complaint alleges violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Count IV alleges race discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* [ECF No. 6, PageID.53-56].  United argues that those claims are barred because Johnson failed to timely file her charge with the EEOC.  [ECF No. 15, PageID.89-91].  Johnson filed her charge in October 2019, alleging that her November 2017 termination was discriminatory.  [ECF No.

1, PageID.14-15]. The EEOC closed its file on Johnson's charge because it was untimely. [*Id.*].

"In a deferral state such as Michigan, a charge of discriminatory conduct must be filed with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful act occurs." *Schoneboom v. Michigan*, 28 F. App'x 504, 505 (6th Cir.2002). This rule applies to claims under Title VII and the ADEA. *Id.*; *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir.2001). Illinois, where Johnson filed her EEOC charge, is also a deferral state. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). The timely filing of an EEOC charge is, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Johnson does not show that waiver, estoppel or equitable tolling excuse the late filing of her charge. Instead, she first argues that claims under 42 U.S.C. § 1981 "have a significantly longer statute of limitations." [ECF No. 19, PageID.133]. But Johnson's amended complaint includes no claim under § 1981, so that section's longer statute of limitations has no relevance here. [ECF No. 6]. Johnson also alleges that "she did not have knowledge of United Airlines history of race and age discrimination[ ]" and that she filed the charge "when she became aware." [ECF No. 19,

PageID.133]. This argument lacks merit because the "starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." *Amini*, 259 F.3d at 499.

Johnson's Title VII and ADEA claims should be dismissed because she failed to timely file her EEOC charge.

### D.

The Court next addresses United Airlines' argument that Johnson's claims are preempted by the RLA, 45 U.S.C. § 151 *et seq.* [ECF No. 15, PageID.91-96].

The RLA was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The Act establishes a "mandatory arbitral mechanism" to settle "major disputes" and "minor disputes." *Id.* at 252-53; 45 U.S.C. § 151a. Major disputes seek to create or secure CBA. *Hawaiian Airlines*, 512 U.S. at 252-53. A minor dispute requires a court to interpret and enforce a CBA, and "must be resolved only through the RLA mechanisms." *Id.*

The Sixth Circuit has a two-step test to determine whether a claim is preempted under the RLA: "(1) does proof of the plaintiff's claim require

interpretation of the CBA; and (2) is the right claimed by plaintiff created by the CBA or by state or federal law." *Stanley v. ExpressJet Airlines, Inc.*, 356 F. Supp. 3d 667, 685 (E.D. Mich. 2018), *aff'd*, 808 F. App'x 351 (6th Cir. 2020) (citing *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 792 (6th Cir. 2012)). Claims that do not concern purely factual questions about an "employer's conduct and motives and cannot be decided without interpretation" of the CBA will be preempted. *Emswiler*, 691 F.3d at 793. But the fact that the plaintiff's complaint requires the court to examine a CBA does not preclude a discrimination claim if the resolution of that claim turns on the conduct and motive of the defendant. *See Yelder v. Norfolk S. Ry. Co.*, No. 2:18-CV-10576-TGB, 2020 WL 1083785, at *8 (E.D. Mich. Mar. 6, 2020), *reconsideration denied*, 2021 WL 75249 (E.D. Mich. Jan. 8, 2021).

United Airlines asserts that "all of Johnson's claims are based on interpretation" of the CBA, and thus should be dismissed "as preempted and precluded by the RLA." [ECF No. 15, PageID.95-96]. The Court agrees. Count I alleges breach of contract, and relies on the CBA. [ECF No. 6, PageID.52-53]. Resolving that count would require the Court to interpret and enforce the CBA. And Johnson's discrimination counts include allegations that would require the Court to interpret Section 23 of

9

the CBA, which addresses investigations and grievances. [ECF No. 6, PageID.54-56; ECF No. 15-1].

Johnson alleges in her discrimination counts that United conducted an "unauthorized" search of her purse without having a "representative" present. [ECF No. 6, PageID.54-56]. To address that claim, the Court would need to interpret Section 23.A.1, which says that a flight attendant has a right to have union representation present during an investigation that may lead to discipline or discharge. [ECF No. 15-1]. Johnson asserts in her discrimination counts that she was improperly "taken off scheduled flights" and "unable to obtain additional flights." [ECF No. 6, PageID.54-56]. For those allegations, the Court would need to interpret Section 23.A.5 ("A Flight Attendant may be held out of service . . . by the Company during its investigation of a matter which may lead to discipline or discharge."). [ECF No. 15-1]. For Johnson's claim that she was terminated for actions that did not violate company policy, the Court would need to assess whether she was terminated "without just cause" under Section 23.A.8. [ECF No. PageID.54-56; ECF No. 15-1].

Johnson also claims that she was treated differently because of her age and race, and that United's policies "were not uniformly enforced and more rigorously enforced" against "older and senior employees." [ECF No.

10

6, PageID.55]. If that was the extent of her discrimination claims, and provisions of the CBA were relevant but non-dispositive factors, her claims would not be preempted by the RLA. *Yelder*, 2020 WL 1083785 at *8. But Johnson's discrimination counts concern more than factual questions about United's "conduct and motives"; those counts "cannot be decided without interpretation" of rights created by the CBA. *Emswiler*, 691 F.3d at 793. Thus, Johnson's discrimination counts are preempted. *Id.*; *Stanley*, 356 F. Supp. 3d at 685.

### E.

Even if Johnson's discrimination claims were not preempted, they should be dismissed for failure to state a claim. United argues that Johnson's race and age discrimination claims fail because she does not plead a prima facie case of discrimination. [ECF No. 15, PageID.96-98]. This argument is off the mark because the *McDonell Douglas*[2] prima facie test United relies on is "an evidentiary standard, not a pleading requirement." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-11 (2002)). Johnson need not have pleaded a prima facie case under *McDonell Douglas* to survive United's motion to dismiss. *Id.* at 609-10. But Johnson's complaint

---

[2] Referring to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

11

"must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that United discriminated against her. *Id.* at 610 (quoting *Iqbal*, 556 U.S. at 678-79).

> The *Keys* plaintiff stated a plausible discrimination claim. *Id.* at 610.
>
> The Amended Complaint alleges Humana had a pattern or practice of discrimination against African American managers and professional staff in hiring, compensation, promotion, discipline, and termination. It details several specific events in each of those employment-action categories where Keys alleges she was treated differently than her Caucasian management counterparts; it identifies the key supervisors and other relevant persons by race and either name or company title; and it alleges that Keys and other African Americans received specific adverse employment actions notwithstanding satisfactory employment performances.

*Id.* These allegations were "neither speculative nor conclusory." *Id.* In contrast, the plaintiffs in *Bargo v. Goodwill Indus. of Kentucky, Inc.* alleged only that the defendant had discriminated against them "with respect to compensation, terms, conditions, or privileges of employment because of their sex and their age, as both of them are over forty." 969 F. Supp. 2d 819, 825 (E.D. Ky. 2013). That allegation was "nothing more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' that fails to meet the pleading standard of [Federal Rule of Civil Procedure] 8." *Id.* (quoting *Iqbal*, 556 U.S. at 678.).

12

The claims in Johnson's complaint are conclusory like those in *Bargo*. Counts II and III of Johnson's amended complaint allege age discrimination under the ADEA and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq*. [ECF No. 6, PageID.53-55]. To support those claims, Johnson says that "her age and seniority" make her "a member of the protected class"; that she "was treated differently and negatively" by United; and that United's policies "were not uniformly enforced and more rigorously enforced with respect to older senior employees." [*Id*.]. Counts IV and V of Johnson's amended complaint allege racial discrimination in violation Title VII and Elliot-Larsen. [*Id.*, PageID.55-56]. For these counts, Johnson says only that she is "a woman of African-American descent and was treated differently and negatively by Defendant(s) agent(s) in the terms and conditions of her employment based upon her race." [*Id*.].

Johnson's discrimination claims are unadorned "the-defendant-unlawfully-harmed-me accusation[s]," and fail to state plausible claims. *Iqbal*, 556 U.S. at 678.

## IV.  CONCLUSION

The Court **RECOMMENDS** that United Airlines' motion to dismiss [ECF No. 15] be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 8, 2021

**NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
